IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY RAY CHEEK, #42969-177, Petitioner, | § § § § | |
| v. | § § | CIVIL NO. 3:16-CV-1514-D-BK (Criminal No. 3:11-CR-157-D) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. 636(b) and Special Order 3, Petitioner's motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. Because this is a successive section 2255 motion, it is recommended that it be transferred to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

Petitioner pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), and to using, carrying, and brandishing a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), and was sentenced to consecutive 57- and 84-month terms of imprisonment and a 3-year term of supervised release. *United States v. Cheek*, No. 3:11-CR-157-D-1 (N.D. Tex. 2012), *appeal dismissed*, 508 Fed.Appx. 346 (5th Cir. 2013). Petitioner unsuccessfully sought relief under 28 U.S.C. § 2255 and 28 U.S.C. § 2241 from the Court's judgment that his sentence for the bank robbery offense be served consecutively to the term imposed for the firearms offense. *Cheek v. United States,* No. 3:13-CV-2550-D-BK, 2013 WL 4561242 (N.D. Tex. 2013) (section 2255); *Cheek v. Chandler*, No. 3:13-CV-2901-D-BK, 2013 WL 4561377 (N.D. Tex. 2013) (section 2241). His successive section 2255 motion alleging actual innocence and citing *McQuiggin v. Perkins*, --- U.S. ---, 133 S.Ct. 1924, 1931 (2013), and

*Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), was transferred to the United States Court of Appeals for the Fifth Circuit, which denied authorization for a successive filing. *Cheek v. United States*, No. 3:14-CV-1308-D-BK, 2014 WL 2938091 (N.D. Tex. 2014); *Cheek v. United States*, 622 Fed. App'x 449 (5th Cir. 2015); *see also Cheek v. United States*, No. 3:16-CV-0057-D-BK, (N.D. Tex. 2016) (identical successive section 2255 motion dismissed without prejudice to petitioner seeking leave to file from the court of appeals), *notice of appeal pending*, No. 16-10354 (5th Cir. 2016). Additionally, his habeas petition under the savings clause of 28 U.S.C. § 2241 was summarily dismissed for want of jurisdiction. *See Cheek v. Warden FCI*, No. 3:16-CV-1051-D-BK, 2016 WL 3004851 (N.D. Tex. Apr. 26, 2016), recommendation accepted, 2016 WL 2989057 (N.D. Tex. May 24, 2016).

In the case *sub judice*, Petitioner, proceeding *pro se*, seeks relief under 28 U.S.C. § 2255(a), *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015); and *McQuiggin v. Perkins,* 133 S. Ct. 1924 (2013). Doc. 2 at 1. He challenges his sentence under section 924(c)(1) vaguely referencing *Johnson*, Doc. 2 at 1-2, which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), violates the Constitution's guarantee of due process, and was recently found retroactively applicable to cases on collateral review in *United States v. Welch,* --- U.S. ---, 136 S. Ct. 1257 (2016).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*). However, before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite *prima facie* showing. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A)-(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such an application. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Here, even assuming Petitioner's claim has merit, the Court of Appeals has not issued an order authorizing the Court to consider the successive section 2255 motion. Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, this section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit. See *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive section 2255 motion be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

SIGNED June 18, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE